IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NUMBER:

SAMANTHA TAYLOR,

    Plaintiff,

V.

JAX DIRTWORKS, INC.,
a Florida Corporation,
JENNIFER HOLDEMAN, an individual,
and DRUE HOLDEMAN, an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Samantha Taylor ("Plaintiff"), by and through the undersigned counsel, hereby files this lawsuit against Defendants, Jax Dirtworks, Inc. ("Dirtworks"), Jennifer Holdeman, individually, and Drue Holdeman, individually, ("Holdeman"), (collectively referred to as "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this action against Defendant for violation of the Equal Pay Act, 29 U.S.C. § 206(d).

## PARTIES

2. Plaintiff is an individual, over the age of 18 years old, residing in the State of Florida.

3. Dirtworks is a Florida corporation with its principal place of business in Duval County, Florida.

4. Jennifer Holdeman, is an individual over the age of 18, a resident of the State of Florida, and CEO of Dirtworks.

5. Drue Holdeman, is an individual over the age of 18, a resident of the State of Florida, and COO of Dirtworks.

6. At all times material hereto, Defendants were doing business in the State of Florida and have regularly engaged in activities that involve interstate commerce or that are specifically covered by the FLSA. Moreover, at all times material hereto, the Defendant, Dirtworks, had annual gross sales or business in an amount not less than $500,000. By reason of the foregoing, the Defendant, DIRTWORKS, was and is an "employer" within the meaning of Section 3(d) of the FLSA.

7. Defendants, HOLDEMAN, have at all times material to this Complaint owned and managed DIRTWORKS, and Defendants HOLDEMAN, have regularly exercised the authority to hire and fire employees, determined the manner in which Plaintiff and other employees were compensated, determined

how Plaintiff and other employees' hours worked were tracked or recorded, set the rates of pay of Plaintiff and other employees, and/or controlled the finances and day-to-day management operations of HOLDEMAN. By virtue of such control and authority, Defendants HOLDEMAN, are an employer of Plaintiff and the other employees of DIRTWORKS similarly situated to Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

8. At all times material hereto, Plaintiff was an employee within the meaning of the Fair Labor Standards Act.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331.

10. Venue is proper in the United States District Court for the Middle District of Florida under 28 U.S.C. § 1391(b)-(c) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district and Defendants maintain the headquarters and principal place of business within the district.

11. Any and all other prerequisites to the filing of this suit have been met.

12. Plaintiff began working for Defendants on or about August 4, 2020. Prior to being hired, Plaintiff had 4 years of experience in the construction industry

as a heavy equipment operator, performing tasks including, but not limited to, driving an off road dump truck, skid steer, bulldozer and roller.

13. When Plaintiff was hired by the Defendants she was brought on as a Level II Operator and paid at an hourly rate of $16.00.

14. After one year of employment, Plaintiff was given a $1.00 raise, bringing her hourly rate to $17.00.

15. According to her August 20, 2021, employee evaluation, Plaintiff often "helped out more than the guys" on the jobsite.

16. While Plaintiff was on various job sites, she was tasked with running portions of jobsites without a foreman or superintendent being present, she supervised other employees, reported corrections to timecards and was given the keys to where tools were stored.

17. Plaintiff worked with various male employees, including an individual by the name of Brad Cutshall. Mr. Cutshall was hired after Plaintiff as a Level II Operator and initially paid an hourly rate of $18.00.

18. Mr. Cutshall's hourly rate was increased to $20.00 (a $2.00 raise) in or about January 2022 and he was reclassified as a Level III Operator.

19. Plaintiff regularly supervised her own team of workers while on the same job site as Mr. Cutshall and while working on opposite ends of the site.

20. Mr. Cutshall voluntarily resigned his employment in March 2022 and Plaintiff took over his job duties, including operating Mr. Cutshall's truck.

21. Plaintiff learned that Mr. Cutshall was paid at a higher hourly rate than she, even though they were performing the same job duties.

22. Plaintiff also discovered that Jordan Mincey, who was hired by Defendants as a Level II Operator more than a year after the Plaintiff, was hired on with an hourly rate of $19.00 per hour.

23. After approximately 4 months of employment, Mr. Mincey was given a $2.00 raise to an hourly rate of $21.00 per hour.

24. Plaintiff performed the same or similar job duties as Mr. Mincey under the same working conditions.

25. On or about August 23, 2021, Defendants also hired Zachary Covington as a Level II Operator.

26. Mr. Covington was hired at an hourly rate of $19.00 per hour.

27. Between the dates of August 23, 2021 and April 22, 2022, Mr. Covington was given two raises, and ultimately was paid at a rate of $21.00 per hour.

28. Plaintiff performed the same or similar job duties as Mr. Covington under the same working conditions.

29. During the course of her employment, Plaintiff discovered that her male co-workers were hired on by Defendants at a higher rate of pay and received more frequent raises and/or large raises.

30. Plaintiff raised her concerns about her pay to Defendants HOLDEMAN, to her superintendent and to the general manager and requested to be paid at the same rate as her male co-workers, but her requests were denied.

31. When Plaintiff assumed the job duties that had been performed by Mr. Cutshall, she again made requests to Defendants HOLDEMAN to be paid at the same rate Mr. Cutshall was paid. However, that request was also denied.

## COUNT I
## (VIOLATION OF THE EQUAL PAY ACT)

32. Plaintiff hereby incorporates by reference Paragraphs 1 to 31 as though fully set forth herein.

33. Plaintiff is a woman.

34. Plaintiff performed equal work in a job requiring equal skill, effort, and responsibility as certain men employed by Defendants, including, but not limited to all duties performed by a heavy equipment operator, whether it be Level I or Level II, and performed such job duties under similar working conditions.

35. Defendants treated Plaintiff's compensation differently than it treated the compensation of men, including, but not limited to, Plaintiff's hourly rate.

36. Defendants did not treat Plaintiff's compensation differently based (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.

37. Plaintiff suffered damages as a result of Defendants' violation including the loss of earnings and a lower indemnity payout as part of Plaintiff's work related injury claim for an injury that occurred on or about May 9, 2022.

38. By reason of Defendants' conduct as alleged herein, Plaintiff is entitled to all remedies available under the Equal Pay Act, including but not limited to compensatory damages for lost wages, in the form of back pay, interest, attorneys' fees, and liquidated damages in an amount equal to 100% of the compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby prays for judgment against Defendants on all causes of action and for recovery as follows:

a. Economic damages for past wages to be determined at trial;

b. Liquidated damages pursuant to statute;

c. Damages for emotional distress and humiliation in an amount to be proven at trial;

d. Punitive damages for all intentional acts in an amount to be determined at trial;

e. Prejudgment interest;

f. Attorneys' fees and costs pursuant to statute; and

g. For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated April 12, 2023.

/s/ Barbra A. Stern
Barbra A. Stern, Esquire
Fla. Bar No. 526576
Law Offices of Barbra Stern PA
808 E. Las Olas Blvd. Suite 102
Fort Lauderdale, FL 33301
Phone: (954) 743-4710
Direct Dial (954) 239-7249
barbra@sternlawoffice.com
**ATTORNEY(S) FOR PLAINTIFF**